# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>               Plaintiff,<br><br>        vs.<br><br>MAINSTAR TRUST, CUSTODIAN FOR THE BENEFIT OF MARIE PODKOWINSKI; MARIE PODKOWINSKI,<br><br>               Defendants. | Adversary Proceeding<br><br>Case No. 19-50559 (BLS)<br><br>**JURY TRIAL DEMANDED** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARIE PODKOWINSKI TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS

Defendant Marie Podkowinski (the "Defendant"), by and through her undersigned counsel, hereby answers Plaintiff's Complaint and asserts her affirmative defenses. All allegations not expressly admitted herein are denied.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

{00028738. }

## NATURE OF THE ACTION

1. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations.

## THE PARTIES

2. Admitted.

3. Admitted as to the first sentence of this paragraph. Defendant has insufficient knowledge or information to respond to the allegations in the second sentence of this paragraph and on that basis denies the allegations in the second sentence.

## JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied. Defendants do not consent to entry of a final order or judgment by this Court.

5. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied. Defendant does not consent to entry of a final order or judgment by this Court.

6. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 6 are denied. Defendant does not consent to entry of a final order or judgment by this Court.

7. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 7 are denied.

8. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 8 are denied.

## CASE BACKGROUND

9.     Admitted.

10.    Admitted.

## FACTS

11.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 11.

12.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 12.

13.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 13.

14.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 14.

15.    Admitted that Defendant invested with Debtors. Defendant has insufficient knowledge or information to respond to the remaining allegations in this paragraph, and on that basis denies the remainder of the allegations in paragraph 15.

16.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 16.

17.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 17 are denied.

18.    Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 18.

19.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 19 are denied.

## FIRST CLAIM FOR RELIEF

### (Avoidance and Preferential Transfers – 11 U.S.C. § 547)

20. Defendant incorporates her responses to the allegations in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 21 are denied.

22. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 22 are denied.

23. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 23 are denied.

24. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 24 are denied.

25. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 25 are denied.

26. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 26 are denied.

27. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 27 are denied.

28. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph, and on that basis denies the allegations in paragraph 28.

29. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 29 are denied.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

30. Defendant incorporates her responses to the allegations in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

32. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 32 are denied.

33. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 33 are denied.

## THIRD CLAIM FOR RELIEF

### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 554(b) and 548(a)(1)(A), and Cal. Civ. Code § 3439, *et seq.*)

34. Defendant incorporates her responses to the allegations in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 35 are denied.

36. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 36 are denied.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439, *et seq.*)

37. Defendant incorporates her responses to the allegations in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 38 are denied.

39. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 39 are denied.

## GENERAL DENIAL

40. Defendant denies each and every allegation contained in the Complaint that is not hereinabove expressly admitted and Defendant further denies that Plaintiff is entitled to any relief or recovery whatsoever from Defendant in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

41. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense

42. Any transfers made by Debtors and actually received by the Defendant were not transfers of the Debtors' property.

### Third Affirmative Defense

43. Any transfers made by the Debtors and actually received by the Defendant were not made on account of antecedent debt owed by the Debtors before such transfer was made.

### Fourth Affirmative Defense

44. Plaintiff's claims may be barred or limited by the applicable statute of limitations.

### Fifth Affirmative Defense

45. The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

### Sixth Affirmative Defense

46. The Debtors were solvent at all times relevant hereto.

### Seventh Affirmative Defense

47. Any transfer described in the Complaint and actually received by Defendant was made in payment of a debt in good faith and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### Eighth Affirmative Defense

48. Plaintiff failed to plead with sufficient particularity the circumstances surrounding any count for actual intent to hinder, delay, or defraud Debtors' creditors under either the Bankruptcy Code and/or California Law.

### Ninth Affirmative Defense

49. The Complaint fails to properly assert personal and/or subject matter jurisdiction over Defendant.

### Tenth Affirmative Defense

50. No conduct on the part of Defendant contributed to Plaintiff's alleged damages or costs.

### Eleventh Affirmative Defense

51. Any damages or costs claimed by Plaintiff, said damages and costs being specifically denied by Defendant, were caused by the culpable conduct of the Plaintiff or third parties and not by any culpable conduct on the part of Defendant.

### Twelfth Affirmative Defense

52. Any transfer described in the Complaint and actually received by Defendant was

  (a) in payment of a debt or debts incurred by Defendant in the ordinary course of business or financial affairs of the transferring Debtor and the Defendant; and

  (b) made in the ordinary course of business or financial affairs of the transferring Debtor and the Defendant, or

  (c) made according to ordinary business terms.

Pursuant to 11 U.S.C. § 547(c)(2), such transfers are not avoidable by Plaintiff.

### Thirteenth Affirmative Defense

53. Any transfer described in the Complaint and actually received by Defendant were: (a) intended by the transferring Debtor and the Defendant to be a contemporaneous exchange for new value given to the transferring Debtor and (b) in fact were substantially contemporaneous exchange(s). Pursuant to 11 U.S.C. § 547(c)(1), such alleged transfers are not avoidable by Plaintiff.

### Fourteenth Affirmative Defense

54. Any transfer described in the Complaint and actually received by Defendant was followed by the Defendant providing new value to or for the benefit of the transferring Debtor: (a) not secured by an otherwise unavoidable security interest and (b) on account of which new value the transferring Debtor did not make otherwise unavoidable transfers to or for the benefit of the Defendant. Pursuant to 11 U.S.C. 547(c)(4), such transfers are not avoidable by Plaintiff..

### Fifteenth Affirmative Defense

55. The Defendant raises and reserves all applicable equitable defenses.

### RESERVATION OF RIGHTS

56. The foregoing affirmative defenses are raised by Defendant without waiver of any other defenses that may be available or determined after discovery is undertaken. Defendant gives notice that she intends to rely upon any defenses available, and reserves the right to assert any other additional defenses that may become available or apparent at any time during the pendency

of this proceeding, including, without limitation, the right to assert cross-claims against Mainstar Trust, the named co-defendant.

## JURY TRIAL DEMAND

57.     Defendant demands a jury trial in this action for all issues deemed so triable.

**WHEREFORE**, Defendant requests entry of judgment dismissing the Complaint with prejudice, that Defendant be reimbursed for her costs and attorneys' fees incurred in responding to the Complaint, and ask that the Court grant such other and further relief as may be just and proper

| | |
|---|---|
| Dated:  July 30, 2020<br>　　　　　Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>　_/s/Jason A. Gibson_　　　　　<br>Jason A. Gibson (DE 6091)<br>824 North Market Street, Suite 810<br>Wilmington, Delaware 19801<br>Tel:  (302) 777-1111<br>Email:  gibson@teamrosner.com<br><br>and<br><br>Janice B. Grubin<br>**BARCLAY DAMON LLP**<br>1270 Avenue of the Americas, Suite 501<br>New York, New York 10020<br>Tel: (212) 784-5808<br>Email: jgrubin@barclaydamon.com<br><br>*Counsel for the Defendant* |